```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA


  KELLY STEED ET AL.                        CIVIL ACTION

  VERSUS                                    NO: 15-6511

  CHUBB NATIONAL INSURANCE                  SECTION: "J"(5)
  COMPANY ET AL.
```

### ORDER & REASONS

Before the Court is a *Motion to Remand* **(Rec. Doc. 8)** filed by Plaintiffs, Kelly Steed and Tiffany Lecesne, an opposition thereto (Rec. Doc. 9) filed by Defendants, Andrew Stadnyk and Chubb National Insurance Company, and a reply (Rec. Doc. 20) filed by Plaintiffs. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

### FACTS AND PROCEDURAL BACKGROUND

This litigation arises out of Plaintiffs Kelly Steed and Tiffany Lecesne's claims for damages following a motor vehicle accident that occurred on August 27, 2015. (Rec. Doc. 1-2, at 2.) Plaintiffs allege that they were traveling eastbound in the left lane of North Broad Street in New Orleans, when Andrew Stadnyk drove his vehicle from the right lane into the left lane and collided with them. *Id.* at 2. On October 30, 2015, Plaintiffs filed a petition for damages in state court against Andrew Stadnyk and

Chubb National Insurance Company,[1] the insurance company alleged to have provided insurance over the vehicle operated by Stadnyk. (Rec. Doc. 1-2, at 1.) Plaintiffs claim that they suffered personal injuries as a result of the collision. *Id.* Plaintiffs seek damages for past and future medical expenses, past and future lost wages, loss of earning capacity, past and future physical pain and suffering, past and future mental anguish and suffering, loss of enjoyment of life, property damage, loss of use of Plaintiffs' vehicle, rental car expenses, and penalties and attorney fees based on Defendants' alleged failure to adjust and pay Plaintiffs' property damage and rental charges. *Id.* at 4. In accordance with Louisiana law, Plaintiffs' petition did not specify the monetary value of the claimed damage. La. Code Civ. Proc. art. 893(A)(1). The petition also did not include a statement that the amount sought was above or below the threshold for federal jurisdiction. *See id.*

On December 4, 2015, Andrew Stadnyk removed the case based on diversity of citizenship. (Rec. Doc. 1.) Chubb National Insurance Company filed a consent to removal on December 7, concurring in the grounds for removal articulated by Stadnyk. (Rec. Doc. 3.) Although Defendants deny that Plaintiffs suffered damages that

---

[1] Plaintiffs' petition initially named Chubb & Son, Inc. as a defendant. (Rec. Doc. 1-2, at 1.) However, on November 16, 2015, Plaintiffs filed an amended petition, in which "Chubb & Son, Inc." was corrected to read "Chubb National Insurance Company." *Id.* at 11.

2

exceed the minimum amounts for diversity jurisdiction, Defendants assert that "Plaintiffs, through the allegations of the Petition, [are] claiming damages that place more than $75,000, exclusive of interest and costs, into controversy." (Rec. Doc. 1, at 3.)

Plaintiffs now seek to remand this case on the grounds that Defendants failed to establish that the amount in controversy exceeds the minimum jurisdictional amount. Plaintiffs filed the instant *Motion to Remand* **(Rec. Doc. 8)** on December 28, 2015. Defendants opposed the motion on January 5, 2016. Plaintiffs filed a reply on January 11, 2016. The motion is now before the Court on the briefs.

## **LEGAL STANDARD**

A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a) (2011). "A federal district court has subject matter jurisdiction over a state claim when the amount in controversy is met and there is complete diversity of citizenship between the parties." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing 28 U.S.C. § 1332(a)). The amount in controversy required by § 1332(a) is currently $75,000. *Id.* The Court considers the jurisdictional facts that support removal as of the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). Because removal raises significant federalism concerns, any doubt about

the propriety of removal must be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

When the petition is silent on the exact amount of claimed damages, the removing party bears the burden of proving "by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)). The removing party can satisfy this burden either: "(1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 or (2) by setting forth *the facts* in controversy— preferably in the removal petition, but sometimes by affidavit— that support a finding of the requisite amount." *Id.* (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995)). "Removal, however, cannot be based simply upon conclusory allegations." *Allen*, 63 F.3d at 1335.

If the removing party can establish by a preponderance of the evidence that the amount in controversy exceeds the requisite amount, "[t]he plaintiff can defeat diversity jurisdiction only by showing to a 'legal certainty' that the amount in controversy does not exceed $75,000." *Id.* at 869 (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995)). It is well settled that this is not a burden-shifting exercise; rather, the "plaintiff must

4

make all information known at the time he files the complaint." *Id.* (quoting *De Aguilar*, 47 F.3d at 1412).

## DISCUSSION

In this case, Plaintiffs' petition failed to allege a specific amount of damages. Defendants must therefore meet their burden of proving an amount in controversy in excess of $75,000. The Court first looks to the face of the petition to determine whether the amount in controversy is "facially apparent." *Manguno*, 276 F.3d at 723. Here, Plaintiffs' petition includes "detailed categorical descriptions of the damages sought," but it does not contain a description of the nature and extent of the injuries that Plaintiffs allegedly sustained. *See Nelson v. Nationwide Mut. Ins. Co.*, 192 F. Supp. 2d 617, 619 (E.D. La. 2001). For this reason, it is not facially apparent from the petition the jurisdictional amount is satisfied. *See id.*

Because the requisite jurisdictional amount is not facially apparent in the Plaintiffs' petition, the Court must now determine whether the Defendants have shown by a preponderance of the evidence, with "summary judgment like" proof, that the amount in controversy exceeds $75,000. *Id.* (quoting *De Aguilar*, 47 F.3d at 1412). Here, in their opposition to Plaintiffs' motion to remand, Defendants submit Plaintiffs' medical records to support their position that the amount in controversy exceeds $75,000. When multiple plaintiffs are injured in the same automobile accident,

5

their claims cannot be aggregated to reach the jurisdictional amount in controversy. *Eagle Star Ins. Co. v. Maltes*, 313 F.2d 778, 779-80 (5th Cir. 1963). Nevertheless, the medical records provided by Defendants indicate that the medical expenses of both Plaintiffs, even when combined, do not come close to exceeding the $75,000 threshold.

Defendants provided medical records from both Kelly Steed's and Tiffany Lecesne's initial visits to urgent care facilities after the accident and their first visits to treating physicians. (Rec. Doc. 9-3.) Kelly Steed was treated at MHM Urgent Care on August 27, 2015, and Louisiana Primary Care Consultants on September 2, 2015. *Id.* at 5, 13. At MHM Urgent Care, Steed was treated for neck pain, back pain, and pain in her lower leg. *Id.* at 7. The records provided by Defendants do not indicate the cost associated with Steed's treatment at MHM Urgent Care; however, Plaintiffs provided an invoice in the amount of $255. (Rec. Doc. 20-1, at 1.) At Louisiana Primary Care Consultants, Steed was evaluated and treated for cervical strain with spasm, trapezius strain with spasm, thoracic spine strain with spasm, lumbar spine strain with spasm, bilateral knee strain, bilateral hip strain, bilateral wrist sprain, and right foot strain. (Rec. Doc. 9-3, at 14.) She was prescribed medication to treat muscle spasms, x-rays were ordered, and she was scheduled to return in two weeks. *Id.* at 14-15. There is nothing in the record to reflect the cost of

Steed's treatment for her visit to Louisiana Primary Care Consultants.

In addition, Tiffany Lecesne was treated at Westbank Urgent Care on August 27, 2015, and Audubon Orthopedics and Sports Medicine on September 9, 2015. *Id.* at 21, 27. At Westbank Urgent Care, Lecesne was treated for cervicalgia, muscle spasm, joint pain in the ankle and foot, and osteoarthrosis. *Id.* at 23. The records provided by Defendants do not indicate the cost associated with License's treatment at Westbank Urgent Care; however, Plaintiffs provided an invoice in the amount of $285. (Rec. Doc. 20-2, at 1.) At Audubon Orthopedics, Lecesne was evaluated and treated for an anterior capsular strain and a possible labral strain or tear in the right shoulder. (Rec. Doc. 9-3, at 27.) She was also treated for an aggravation of a pre-existing asymptomatic post-traumatic arthritis of the right ankle. *Id.* She was given steroid injections into her right shoulder and right ankle. *Id.* Her doctor noted that if her symptoms did not improve in the following four weeks, then an MRI arthrogram of her right shoulder would "probably be recommended" at her next visit. *Id.* Plaintiffs provided an invoice indicating that the total cost associated with Lecesne's treatment at Audubon Orthopedics was $973.92.

In deciding whether to remand, courts in this district have sometimes noted the absence or presence of certain claims such as future medical costs and lost wages. *See Buchana v. Wal-Mart*

7

*Stores, Inc.*, No. 99-2783, 1999 WL 1044336, at *3 (E.D. La. Nov. 17, 1999). Future medical expenses are relevant to calculating the amount in controversy. *Robinson v. Wal-Mart Stores Tex., L.L.C.*, 561 F. App'x 417, 418 (5th Cir. 2014). Nevertheless, courts have remanded cases in which plaintiffs failed to plead permanent disability or that their injuries required surgery, even when plaintiffs included claims such as lost wages, medical expenses, and past and future mental and physical pain and suffering. *Buchana*, 1999 WL 1044336, at *3 (collecting cases).

Defendants must do more than show that certain categories of damages could potentially bring the amount in controversy over $75,000 per plaintiff. For example, in *Loftin v. Hughes*, the plaintiffs filed a negligence claim following an automobile accident. No. 14-1608, 2014 WL 3893313, at *1 (E.D. La. Aug. 7, 2014). The plaintiffs claimed property damage to their vehicle as well as past and future medical expenses, physical pain and suffering, bodily injury, loss of income, loss of enjoyment of life, permanent injury and disability, diminution of earning capacity, loss of society, and mental anguish. *Id.* The defendants removed the case and supported their position that the amount in controversy exceeded $75,000 by submitting medical records, expenses, medical diagnoses, and recommendations for future treatment. *Id.* at *4. However, the court remanded the case, noting that the defendants provided no information regarding the

8

anticipated costs of potential future treatments or the likelihood that any plaintiff would undergo the possible procedures. *Id.* at *3-4. Furthermore, the court pointed out that the defendants provided no information regarding the plaintiffs' hourly wages, how much time any of the plaintiffs had lost from work, which plaintiff owned the damaged vehicle, or the extent of the vehicle's damage. *Id.* For those reasons, the court held that the defendants failed to show that the damages would more likely than not meet the jurisdictional threshold. *Id.* at *4.

After reviewing the complaint, the notice of removal, and the parties' briefs, the Court concludes that Defendants have failed to carry their burden of showing that removal is appropriate. Each of Plaintiff's medical expenses to date are well below the $75,000 threshold. Although Plaintiffs may be continuing treatment with their doctors, Defendants do not estimate the cost of either Plaintiff's ongoing treatment or the cost of potential future treatment. *See Loftin*, 2014 WL 3893313, at *3-4. Likewise, Defendants have provided no information regarding the likelihood that any Plaintiff will undergo future procedures. *See id.* at *4. Further, while Plaintiffs allege loss of income as a result of the accident, Defendants have not set forth facts to support how much income each Plaintiff has lost. *See id.* While the Court notes that Plaintiffs claim property damage to their vehicle, neither the

9

petition nor the materials submitted by the Defendants indicate who owns the car or the extent of the damage. *See id.*

To strengthen their position, Defendants point out that Plaintiffs have not filed a binding stipulation that the damages of each Plaintiff cannot exceed $75,000. A failure to stipulate is only one factor to consider in determining whether a defendant has met its burden, and it alone will not defeat a plaintiff's motion to remand. *Carbajal v. Caskids Oil Operating Co.*, No. 05-5966, 2006 WL 1030392, at *2 (E.D. La. Apr. 18, 2006).

In sum, Defendants put forth medical records allegedly showing that Plaintiffs' damages "could exceed the jurisdictional minimum." (Rec. Doc. 9, at 4.) However, "could exceed" does not satisfy the preponderance of evidence standard of proof. "A 'could well' standard sounds more like a 'possibility' standard of proof, rather than a 'more likely [than] not' standard." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995); *see also Carbajal*, 2006 WL 1030392, at *2; *Buchana*, 1999 WL 1044336, at *4. Although citing the wrong legal standard is not fatal to Defendants' argument, the Court finds that Defendants have failed to prove by a preponderance of the evidence that either Plaintiff's claim will exceed $75,000. That Plaintiffs might recover greater than $75,000 does not suffice. *Buchana*, 1999 WL 1044336, at *4 (citing *De Aguilar*, 47 F.3d at 1412).

10

**CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' *Motion to Remand* **(Rec. Doc. 8)** is **GRANTED**.

New Orleans, Louisiana, this 2nd day of February, 2016.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE